No. DA 06-0220

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 244N

_____

IN THE MATTER OF:

S.M.L.E.,

    Youth in Need of Care.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DN-04-027(A),
The Honorable Ted O. Lympus, Presiding Judge.

COUNSEL OF RECORD:

    For Appellant:

        Sean D. Hinchey, Hinchey & Hinchey, P.C., Kalispell, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Tammy K. Plubell, Assistant
Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney; Katie Schulz, Deputy County
Attorney, Kalispell, Montana

_____

Submitted on Briefs:  August 23, 2006

Decided:  September 26, 2006

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      D.B. appeals from the District Court's Order for the Eleventh Judicial District, Flathead County, terminating his parental rights. We affirm.

¶3      S.M.L.E. was born on July 14, 2004, to her mother, D.E., and father, D.B. D.E. tested positive for high levels of methamphetamines and marijuana at the time of S.M.L.E.'s birth. D.B. was not involved with S.M.L.E.'s birth.

¶4      S.M.L.E. soon showed signs of suffering from drug withdrawal, such as mild tremors and a screechy cry. S.M.L.E.'s preliminary urine sample tested positive for high levels of methamphetamine and marijuana. Subsequent testing confirmed these results. As a result, the Department of Public Health and Human Services (DPHHS) assumed protective custody of S.M.L.E. and placed her in a foster home.

¶5      DPHHS filed a Petition for Temporary Legal Custody and Adjudication on July 20, 2004. DPHHS failed in its attempts to contact D.B. at his last known address. The District Court conducted an adjudicatory hearing with respect to D.E. on July 30, 2004. D.E. stipulated that sufficient evidence supported an adjudication of S.M.L.E. as a youth in need of care.

2

¶6    The District Court adjudicated S.M.L.E. as a youth in need of care and awarded temporary legal custody to DPHHS until January 30, 2005. DPHHS also moved the court for permission to serve D.B. by publication as it had not been able to serve him in person. The court scheduled an adjudicatory hearing for D.B. for September 10, 2004. DPHHS published notice of the hearing three weeks before that time.

¶7    D.B. did not appear for the adjudicatory hearing and, consequently, the court issued a written order adjudicating S.M.L.E. as a youth in need of care with respect to her father, D.B. DPHHS did not develop a treatment plan for D.B. in an attempt to reunite him with S.M.L.E. as it had no idea of D.B.'s whereabouts.

¶8    DPHHS finally received a letter from D.B. on December 30, 2004, explaining that he was incarcerated and unable to care for his daughter. DPHHS then filed a petition to extend temporary legal custody of S.M.L.E. based upon D.E.'s continued drug use and her failure to complete her treatment plan. DPHHS had learned by this time that D.B., who had a lengthy criminal history, was serving a four-year commitment to the Department of Corrections pursuant to the revocation of an earlier suspended sentence. The court issued an order extending DPHHS's temporary legal custody of S.M.L.E. until July 28, 2005.

¶9    DPHHS filed a petition to terminate D.E.'s and D.B.'s parental rights to S.M.L.E. on July 5, 2005. The District Court appointed counsel for both and held a hearing on the petition on November 21, 2005. D.E. waived her parental rights at the hearing and she did not participate. D.B. testified at the hearing and opposed the petition to terminate his parental rights. The District Court terminated D.B.'s parental rights.

¶10 D.B. argues on appeal that the District Court abused its discretion in terminating his parental rights when it concluded that D.B. had abandoned S.M.L.E and when it concluded that S.M.L.E.'s best interests would be served by terminating D.B.'s parental rights. D.B. further contends that the District Court improperly terminated his parental rights without requiring DPHHS to provide a treatment plan for him.

¶11 We review a district court's findings of fact to determine whether they are clearly erroneous. *In re A.N.W.*, 2006 MT 42, ¶ 28, 331 Mont. 208, ¶ 28, 130 P.3d 619, ¶ 28. We review a district court's conclusions of law to determine whether the court correctly interpreted and applied the law. *A.N.W.*, ¶ 28. Finally, we review a district court's decision to terminate parental rights to determine whether the court abused its discretion. *A.N.W.*, ¶ 29. In this regard, we do not re-weigh conflicting evidence or substitute our judgment regarding the strength of the evidence for that of the district court. *A.N.W.*, ¶ 29.

¶12 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that D.B.'s appeal lacks merit because substantial evidence supports the District Court's Findings of Fact, that the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and that there was no abuse of discretion by the District Court.

¶13     We affirm the judgment of the District Court.


                                        /S/ BRIAN MORRIS



We Concur:


/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE